UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALVARO IGNACIO ABAUNZA,

Plaintiff,

v. Case No. 2:26-cv-2497-KCD-KRH

RECOVERY SOLUTIONS CORPORATION and CATHERINE WILLIAMS,

Defendants.
_______________________________/

# ORDER

Plaintiff Alvaro Ignacio Abaunza, a civilly-committed resident of the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). He generally alleges that Defendants do not provide constitutionally adequate sex offender treatment and care to FCCC residents who are held in protective confinement. He seeks, among other things, a transfer to Peace Dormitory. (*Id.*) Abaunza also filed a motion for injunctive relief asking the Court to require Defendants to house him in Peace Dormitory and provide copies of daily logs and camera review. (Doc. 3.) For the following reasons, the motion is denied.

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be

suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to [all] four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).[1]

Abaunza has not met his burden to obtain injunctive relief. First, he has not shown a likelihood of success on the merits. He offers no authority that provides this Court power to micromanage his dorm assignment. To the contrary, principles of federalism limit the scope of a federal court's power to intervene in the operations of a state agency. *Rizzo v. Goode*, 423 U.S. 362, 378–79 (1976) ("When a plaintiff seeks to enjoin the activity of a government agency, even within a unitary court system, his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs[.]"); *Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that federal courts do not occupy the "role of super wardens of state penal institutions"). In *Pesci v. Budz*, 730 F.3d

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

1291 (11th Cir. 2013), the Eleventh Circuit compared civil detention facilities to prisons and recognized that FCCC officials are better equipped than the courts to operate the facility:

> Although not a prison, the FCCC is a facility that houses approximately 600 persons involuntarily committed as sexually violent predators after their terms of incarceration. Florida law commands both that the facility be secure and that it serve a rehabilitative purpose, thus making those twin aims every bit as relevant and legitimate here as in the prison context. Moreover, FCCC staff and the state contractor GEO that manages the facility are the ones that "are best equipped to make difficult decisions" regarding the administration of the facility in keeping with these obligations. *Washington v. Harper*, 494 U.S. 210, 223–24, 110 S. Ct. 1028, 108 L.Ed.2d 178 (1990).

*Id*. at 1299. Under this reasoning, the FCCC, not this Court, is in the best position to decide where Abaunza should be housed.

Next, a motion for a preliminary injunction is not appropriately used as a vehicle for final relief on the merits. *Heckler v. Redbud Hosp. Dist.*, 473 U.S. 1308, 1314 (1985). In his complaint, Abaunza alleges unconstitutional conditions in protective management and seeks (in addition to other relief) a move to Peace Dormitory. This is the same relief requested in the instant motion. In other words, by filing a motion for injunctive relief along with his complaint, Abaunza attempts to leapfrog the litigation process and expedite the proceedings by having the Court grant relief without hearing from the opposition. The Court thus **DENIES** his motion (Doc. 3).

**ORDERED** in Fort Myers, Florida on October 27, 2026,

Kyle C. Dudek
United States District Judge

FTMP-2